UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FRANK BRETT,**

                **Plaintiff,**

v.                                                  **Case No:   6:17-cv-313-Orl-18KRS**

**U.S. MARSHALL RODRIGUEZ, et al.,**

                **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

Pending before the Court is Plaintiff Frank Brett's complaint and motion for appointment of counsel, among other motions.[1] Doc. Nos. 1, 2. Brett seeks to proceed without prepayment of fees (Doc. No. 4), which the Court construes as a motion to proceed *in forma pauperis*. For the reasons discussed below, I respectfully recommend that the Court dismiss Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### DISCUSSION.

Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before determining whether a plaintiff qualifies to proceed *in forma pauperis*, the Court has authority, pursuant to 28 U.S.C. § 1915(e)(2), to review the complaint to determine whether it should be dismissed. Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action is frivolous, fails to state a claim

---

[1] Brett filed a motion requesting that the case be filed under seal. Doc. No. 3. The motion does not comply with Local Rule 1.09. Therefore, I recommend that the Court deny the motion to file the case under seal and direct the Clerk of Court to delete the complaint from CM/ECF and, if the Court so directs, return the motion to seal to Brett.

upon which relief may be granted, or seeks monetary relief against an immune defendant. *Id.* § 1915(e)(2). To state a claim on which relief may be granted, a plaintiff's complaint must contain sufficient factual content to bring the alleged claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A complaint is frivolous within the meaning of § 1915(e)(2)(B), if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). "On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered." *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2011).

In the present case, Brett filed a 12-page "Complaint for a Civil Case," with 35 pages of attachments, much of which is illegible. Doc. Nos. 1. 1-2, 1-3. He alleges generally that his claims arise under 42 U.S.C. § 1983 for violation of his First Amendment rights. Doc. No. 1, at 9. Among other assertions, he alleges that for 9 years two United States Marshals used their cell phones in a federal courthouse to call their friends who had illegally stalked Brett for 11 years to cover up previous crimes committed by an officer with the Broward County Sheriff's Office. Brett also alleges that police officers in Davie, Florida violated his rights in December 2016 when they demanded that he come outside a church Brett was visiting. Additionally, he alleges that an Orlando police officer followed him into the Office of the United States Attorney in April 2015 and slandered him. He also alleges that two Philadelphia police officers have been stealing his mail for the past 7 years. These disjointed and rambling allegations against many other named defendants continue in the attachments to the complaint.

Merely invoking federal law and constitutional protections is insufficient to state a claim on which relief can be granted. For example, with respect to the claims against United States Marshals, Brett contends that their actions violated his First Amendment right to privacy. Doc. No. 1, at 9. I am not aware of a policy prohibiting Deputy United States Marshals from using cell phones in the courthouse. Brett has not shown how he had a reasonable expectation of privacy

regarding his identity when he entered a federal courthouse or how a law enforcement officer identifying him intruded or regulated his right to privacy in his identity. Therefore, the complaint fails to state claims on which relief could be granted against these Deputies and is frivolous. Allegations against other individuals and entities are similarly frivolous.

Additionally, Federal Rule of Civil Procedure 8(d)(1) requires a complaint to contain allegations that are simple, concise and direct. "[F]lagrant violations of Rule 8 should not be tolerated . . . ." *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979). In this case, many of the allegations involve unrelated events that occurred outside the Middle District of Florida over many years. Although the Court must construe complaints filed by *pro se* liberally, it is not required to sift through voluminous and seemingly unrelated allegations to determine whether there may possibly be a claim on which relief could be granted. *See, e.g., Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam).

Generally, a court will permit a *pro se* party to file an amended complaint to determine whether he can state a claim on which relief can be granted. *See Gary v. U.S. Gov't*, 540 F. App'x 916, 017 (11th Cir. 2013) (per curiam) (cited as persuasive authority). In this case, however, I recommend that the Court not do so because Brett has established through filings in this and other cases that he is unable to state a simple, precise and direct claim on which relief can be granted. In a previous case Brett filed against Deputy United States Marshals and others in this Court, the Court identified more than 30 other cases filed by Brett between 2007 and 2012 in United States District Courts, including the Middle District of Florida, that were dismissed for various reasons including lack of subject-matter jurisdiction, failure to state a claim upon which relief can be granted and because the complaint was frivolous. *Brett v. U.S. Marshal Livingston*, Case No. 6:14-cv-594-Orl-28TBS, Doc. No. 7 (M.D. Fla. Apr. 17, 2014), *report and recommendation adopted by* Doc. No. 12 (M.D. Fla. May 12, 2014). Since that order was entered, Brett has continued to file cases in this Court, all of which have been dismissed as

frivolous, for lack of prosecution, and for improperly filing documents under seal. *See Brett v. U.S. Marshal Jenkins,* Case No. 6:15-cv-58-Orl-22GJK*; Brett v. U.S. Marshal Garcia*, Case No. 6:15-cv-638-Orl-40KRS; *Brett v. U.S. Marshal Rodriguez*, Case No. 6:16-cv-806-Orl-41KRS; *Brett v. U.S. Marshal Jenkins*, Case No. 6:16-cv-10-Orl-37DAB; *Brett v. Baker*, Case No. 6:16-cv-23-Orl-18TBS; *Brett v. Baker*, Case No. 6:16-cv-667-Orl-37TBS.

I find no indication in Brett's complaint or any of the other papers he has filed in this case that he can state a valid claim. It is similarly unlikely that an attorney could assist Brett in alleging claims on which relief could be granted. Accordingly, I recommend that the Court find that granting Brett leave to amend would be futile.

Finally, in light of the number of cases filed by Brett, I recommend that the Court exercise its inherent authority to place reasonable restrictions on a pro se litigant's access to the courts in order to curb abusive litigation practices and to conserve judicial resources. *In re McDonald*, 489 U.S. 180, 184 & n.8 (1989); *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386-87 (11th Cir. 1993) (affirmative dismissal of action filed in derogation of an injunction limiting a frivolous filer's access to court). For example, the Court may preclude Brett from filing additional lawsuits in this division of the Court without pre-screening by the senior Magistrate Judge. *See, e.g., In re James D. Smith*, Case No. 6:15-mc-67-Orl-37, Doc. No. 3 (M.D. Fla. Oct. 27, 2015).

### RECOMMENDATION

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1) **DISMISS** the complaint as frivolous and for failure to state a claim on which relief can be granted;

2) **DENY** the motion to appoint counsel (Doc. No. 2);

3) **DENY** and the application to proceed *in forma pauperis* (Doc. No. 4);

4) **DENY** the motion to file under seal (Doc. No. 3) and **DIRECT** the Clerk of Court to delete the motion to file under seal from CM/ECF, return the document to Plaintiff and, thereafter, unseal the case;

5) **DENY** the motion to add a party (Doc. No. 7);

6) **ENTER** an order prohibiting Plaintiff from filing additional cases in this division of the Court before pre-screening by the senior Magistrate Judge; and,

7) **DIRECT** the Clerk of Court to terminate any other pending motions and, thereafter, close the file.

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on March 1, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Unrepresented Party
Courtroom Deputy